Exhibit 1

Martini's 20 year lease

## COMMERCIAL LEASE AGREEMENT

THIS LEASE AGREEMENT made and entered into on this the 2nd day October of 2020, by and between <u>M.P.E.N.G. HOLDINGS LLC</u>, party of the first part, hereinafter referred to as the LESSOR, and <u>JMD Coastal Entertainment</u> , party of the second part, hereinafter referred to as the LESSEE, to-wit:

I.

The LESSOR, in consideration of the lease payment provided in this Lease, does hereby let and lease unto the LESSEE 3,300 sq. ft. Retail space and improvements, being referred to as <u>Suite A & B , 918 Howard Ave., Biloxi, Ms. 39530</u>.

II.

<u>PERIOD OF LEASE.</u>  The initial term of this Lease Agreement is for <u>5</u> year(s). It is understood and agreed that this Lease Agreement shall commence on <u>upon completion of the interior buildout</u> and continue until one calendar year later. LESSOR does also grant unto the LESSEE the right to renew and extend this lease for an additional <u>5</u> year(s) option(s) for increase in rent of $500 per month for a total of 3 renewals.  If the LESSEE should exercise the right to renew and extend this lease, LESSEE shall give written notice to LESSOR sixty (60) days prior to the expiration of the initial term of this lease.  .

III.

<u>RENTAL PAYMENTS.</u> It is understood and agreed that during the first term of this Lease Agreement the LESSEE shall pay monthly lease payments of $4,000.00 per month  Lease payments are to be made payable to: **M.P.E.N.G. HOLDINGS, LLC.** . It is agreed that an additional charge of five percent (5%) of the payment amount will be collected if monthly payments are not received on or before five (5) calendar days from the due date of the payment. Lease payments are to be made at such place as may be designated in writing by the LESSOR herein.

IV.

SECURITY DEPOSIT. LESSEE shall pay a security deposit of **FOUR-THOUSAND DOLLARS AND NO/CENTS ($1,000.00**) due at the execution of this Lease Agreement. Deposit made payable to **M.P.E.N.G. HOLDING, LLC.** This deposit SHALL NOT be used as the last month's rent but will be returned and refunded to LESSEE after inspection of the subject property upon vacating of same by LESSEE, as long as LESSEE does not default on the terms and conditions of this Lease Agreement and returns the subject property in a good and clean and orderly manner, reasonable wear and tear acceptable. If the LESSOR defaults on this Lease Agreement, the security deposit shall be promptly returned to LESSEE. Additionally, if after execution of this lease, LESSOR develops permit plans and specifications of the buildout of the leased space and LESSEE does not move forward with the buildout, this security deposit shall be forfeited and considered compensation to LESSOR for cost of plan development.

V.

POSSESSION. Possession of this property is to be given to Lessee upon execution of this lease. Lessor further agrees that before the commencement of the lease term, LESSOR grants LESSEE and his/her agents the right to enter upon the subject property to complete interior/exterior design work, including the right to prepare the subject property for LESSEE'S use, including but not limited to, installation of electronics such as phone, signage, internet and television, and movement of LESSEE'S furniture into the building. At the expiration of the initial term or extension/renewals as may be applicable, LESSEE shall leave subject property in a good, clean and orderly condition.

VI.

LICENSES, AND INSPECTIONS. LESSEE certifies that he has inspected the subject property and has verified that the subject property can be used for its intended purpose and shall comply with the requirements of the __Planning Department of Biloxi, Ms.__

VII.

MAINTENANCE, ALTERATIONS AND REPAIRS TO PROPERTY. LESSOR shall be responsible for the maintenance and repair of the roof, exterior structure, foundation and all electric, water

and sewer lines into the premises both interior and exterior of the building as well as the lawn maintenance. All repairs and maintenance are the responsibility of LESSOR except as stated in the following paragraph. Should the exterior of the building need any maintenance and/or repair or if the LESSEE becomes aware of any other item of maintenance or repair that is the responsibility of the LESSOR, LESSEE shall notify LESSOR in a timely manner and LESSOR shall have reasonable time to repair same at LESSOR'S expense.

LESSEE shall be responsible and pay for general upkeep of the interior of Suite A & B at 918 Howard Ave., including changing of air filters, light bulbs, etc. LESSEE shall further pay for a maximum of $3,000 per year for any maintenance or repair to the HVAC, plumbing or electrical on the premises as long as said maintenance or repair needed is not due to negligence of LESSEE, his invitee, agent or guest. However, if said expense is due from negligence of LESSEE, his invitee, agent or guest, then LESSEE shall be responsible for all expenses associated with such repair.

In the event LESSEE desires to make any alterations to the premises, LESSEE shall provide LESSOR with written notification prior to any and all alterations being made to the subject property and LESSOR shall issue his approval of same in writing if satisfactory. ALL SUCH ALTERATIONS SHALL BE MADE AT THE LESSEE'S SOLE EXPENSE. No structural changes shall ever be made. LESSEE covenants that no liens or debts for such work shall attach as a lien against subject property.

Upon receipt of security deposit LESSOR shall begin to develop construction and permit documents as required to allow for the interior buildout of the space to the requirements of LESSEE'S intended use. LESSOR shall share in the infrastructure buildout cost of suite A & B limited to the amount of one year's lease payments ($48,000). The infrastructure is defined as the basic improvements needed to allow the LESSEE occupy the space and to install LESSEE'S custom furniture, fixtures, and equipment (FF&E are not included in the shared costs.)

VIII.

TAXES. It is understood and agreed that any and all ad valorem taxes against subject property shall be paid by the LESSOR as same become due and payable. Any special assessments against the

subject property used by the LESSEE in connection with the use and occupancy of subject property, including but not limited to personal property taxes, shall be paid by the LESSEE as same become due and payable. Should LESSEE be required to collect and remit sales tax LESSEE shall share sales tax collection amounts with LESSOR on a quarterly basis.

IX.

INSURANCE. LESSOR shall be responsible for the hazard insurance, wind/hail, flood and any other insurance LESSOR deems necessary and advisable. LESSEE shall be responsible for contents insurance. In addition, LESSEE shall procure and maintain in force at its expense during the term of this Lease Agreement, and any extension thereof, general liability insurance with the minimum coverage of $1,000,000.00. and an alcohol liability policy. Such coverage shall be adequate to protect against liability for damage claims through public use of or arising out of accidents occurring in the leased property. The insurance policies shall name LESSOR as additional insured. LESSEE shall provide a copy of any such Certificate of Insurance to the LESSOR prior to taking possession. LESSEE shall require in the policies that the insurance company shall inform LESSOR in writing at least thirty (30) days prior to cancellation or refusal to renew any policy. If the insurance policies are not kept in force during the entire term of this Lease Agreement or any extension thereof, LESSOR may procure the necessary insurance and pay the premium thereof, and the premium shall be repaid to LESSOR as an additional rent installment from the month following the date on which LESSOR paid the premiums. The Parties also agree that they may obtain any other insurance coverage to protect their interest in the subject property or business that they individually deem necessary and advisable.

X.

EXPENSES. All expenses incurred by the LESSEE in connection with the use and possession of subject property shall be paid by the LESSEE as same become due and payable, including Waste Removal (20% of dumpster exp.) Electricity, Cable, Internet. <u>The city Water and sewer billing is inclusive of all suites in the building. LESSEE shall be responsible for 20% of the water and sewer bill each month.</u> Further, the LESSEE shall comply with all City Code requirements, restrictive covenants, applicable laws, rules and regulations pertaining to the use of the subject property and shall permit no unlawful activity to be conducted therein or thereupon. The LESSEE represents to the LESSOR that it will, at its expense, maintain any and all licenses required for the operation of the property for the business operated on the subject property.

XI.

USE OF PROPERTY. It is expressly understood and agreed that the subject property shall be used by the LESSEE for a(n) __Martini Lounge and Restaurant__. It is further understood and agreed that the LESSEE shall have 24 hours a day and 7 days a week access to subject premises, PROVIDED HOWEVER, that the LESSOR shall be allowed to enter subject premises in case of emergencies and for repairs with 48 hours notice to the LESSEE. LESSEE shall have the use and access to the on-site parking available on a first-come, first-serve basis. No parking shall be dedicated except for 3 parking spaces in rear of building for building owners. Parking on the adjacent property to the east is prohibited by LESSEE, as LESSOR does not own that property.

XII.

SIGNS, MARQUEES OR OTHER STRUCTURES. LESSEE shall have the right to install its building and freestanding signage as is allowed under applicable laws, City ordinance and Code requirements, recorded restrictions, with the consent and approval of LESSOR, all at the sole expense of the LESSEE. LESSEE shall maintain the subject property in a neat, orderly, and safe condition. All signage is subject to approval of all governmental agencies and the City of Biloxi, Mississippi.

XIII.

HAZARDOUS MATERIALS. LESSOR represents that the premises is free of any asbestos or other hazardous materials. LESSOR shall defend, indemnify and hold LESSEE harmless from and against all claims, losses, liabilities and expenses incurred by LESSEE, due to LESSOR'S prior use of the subject property as a result of hazardous materials. LESSEE shall defend, indemnify and hold LESSOR harmless from and against all claims, losses, liabilities and expenses incurred by LESSOR, due to LESSEE'S subsequent use of the subject property, as a result of hazardous materials.

XIV.

CORPORATE APPROVAL. The parties hereto warrant and represent that each has the right to enter into this Lease and to bind the parties hereto.

XV.

DEFAULT. The parties herein understand and agree that if the LESSEE defaults in any of the terms and conditions of this agreement, LESSEE shall have thirty (30) days after receipt of written notice from LESSOR of breach to correct the conditions specified in the notice. If breach is not corrected within the thirty (30) day period, said lease shall forthwith terminate, the LESSEE shall forfeit all rights and remedied and monies under this Lease Agreement and the LESSOR shall be entitle to immediate right of re-entry, removing any and all property of the LESSEE. Any and all reasonable expenses incurred by the LESSOR in connection with such re-entry and/or removal of property and/or storage of such property shall be paid by the LESSEE. In the case of default by LESSEE, any and all rental monies paid will not be refunded and LESSOR could file suit against LESSEE for specific performance. In the case of default by LESSOR, either LESSEE can cancel this Lease Agreement and all parties are released from any further obligations or liabilities, or LESSEE can file suit against LESSOR in a court of proper jurisdiction for specific performance. It is further understood and agreed that if it becomes necessary to employ an attorney to insure the performance of the conditions of this contract, then the defaulting party or parties agree to pay reasonable attorney fees and court costs therewith

XVI.

SUBLEASING AND SUCCESSOR PARTIES. LESSEE shall not have the right to sublet or assign all or part of the leased premises to any subsidiary or affiliate of the LESSEE at any time.

XVII.

GOVERNING LAWS. It is agreed that in the event that a dispute should arise that the Laws of the State of Mississippi shall govern such dispute.

XIII.

ENTIRE AGREEMENT/AMENDMENT. Each undersigned party to this transaction acknowledges that they have read and understand this Lease Agreement, and hereby acknowledge receipt of a copy of this document. This Lease Agreement contains the entire agreement of the parties and there are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Lease. This Lease may be modified or amended in writing, if the writing is signed by the party obligated under the amendment.

If any portion of this Lease shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Lease is invalid or unenforceable, but that by limiting such provision, it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

XIX.

ATTORNEY AND REALTOR FEES. LESSOR shall be responsible for all his attorneys' fees for representation associated with this transaction. LESSEE is responsible for any of its attorneys' fees for representation associated with this transaction.

XX.

LIENS. LESSEE agrees that it shall not allow any liens to be placed on the subject property and at the time of cancellation of this Lease the subject property shall be delivered back to the LESSOR free and clear of any liens or debts against the subject property, fixtures and attached equipment.

XXI.

MISCELLANEOUS. In the event that a dispute should arise in which court fees and attorney fees are incurred, the successful party receiving the verdict of the court shall be entitled to recover all costs incurred in obtaining such verdict, including reasonable attorney fees. When used herein in the singular or in plural, the lease shall be interpreted interchangeably. The parties agree that any notice required to be sent shall be delivered in person or sent overnight carrier or certified mail, return receipt requested and shall be deemed delivered the day that the notice is signed for or within 10 days of delivery to the carrier to deliver same to the addresses below.

Notices for LESSEE shall be mailed to:

Notices for LESSOR shall be mailed to: Brad Patano 918 Howard Ave. Suite F, Biloxi, Ms. 39530

WITNESS OUR SIGNATURES on this the 2 day of October, 2020.

LESSOR: MPENG Holdings, LLC
_Brad Patano - Member_____

LESSEE: JMD Coastal Entertainment, LLC
Mark Stafford_____

STATE OF MISSISSIPPI

COUNTY OF _____

THIS DAY PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the jurisdiction aforesaid, the within named _____, who acknowledged to and before me that he signed and delivered the above and foregoing instrument as his free and voluntary act and deed on the day and in the year therein mentioned.

GIVEN UNDER MY HAND AND OFFICIAL SEAL OF OFFICE, this the _____ day of _____, 20___.

_____
NOTARY PUBLIC

My Commission Expires:

_____

STATE OF _____

COUNTY OF _____